STATE, *ex rel.* THOMAS B. ADAMS, et al., v. J. M. LEE, as Comptroller.

171 So. 333.

Opinion Filed December 3, 1936.

*Thomas B. Adams,* for Relators;

*Cary D. Landis,* Attorney General, *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, and *J. Velmia Keen,* for Respondent.

BROWN, J.—This case is again before us upon motion for leave to file an amended information, consisting of 27 sections, comprising some 62 pages of typewritten matter.

The original information in the nature of quo warranto filed by these relators challenged the authority of the respondent Comptroller to exercise the alleged franchises, functions, immunities, powers and privileges attempted to be vested in him by Chapter 16848, Acts of 1935, known as the Chain Store Act, which Act imposed certain duties

upon the Comptroller relating to the enforcement of the Act
and vested in him certain powers to be exercised by him
in accomplishing such enforcement. The grounds upon
which the judgment of ouster was prayed for were based
upon the alleged invalidity and unconstitutionality of the
Act as a whole.

As pointed out in the special concurring opinion of Cir-
cuit Judge Smith, in the decision of this Court overruling
the relator's demurrer to respondent's plea and answer
(State, *ex rel.* Adams, *et al.,* v. Lee, 122 Fla. 639, 166 So.
249), the attack made by the relators was in reality upon
the validity of the statute and the authority of the Comp-
troller to enforce it, rather than an effort to oust the Comp-
troller from the usurpation of an office or franchise, the
statute not having vested the Comptroller with any office or
franchise, and that therefore quo warranto was not the
proper remedy. But as the respondent had made no timely
objection to the propriety or form of the remedy adopted,
and as this was one of several cases before the Court in-
volving the constitutionality of the chain store statute with
substantially the same legal issues in each case, it was con-
sidered by the Court expedient to overlook the matter of
form and procedure in this particular case in order to con-
sider the merits of the questions then raised by this case
in connection with the entire group of cases. And in the
majority opinion, written by Mr. Justice DAVIS, it was
said:

"Relators and co-relators, all of whom are *ad valorem*
taxpayers of the State of Florida, by an information in the
nature of quo warranto (not joined by the Attorney Gen-
eral because he represents the respondent Comptroller, a
State officer) challenge the warrant of authority of the re-
spondent, J. M. Lee, as Comptroller of the State of Flor-

ida, to enjoy, exercise and perform the franchises, functions and powers attempted to be vested in him by Chapter 16848, Acts of 1935, an Act of the last session of the Legislature otherwise referred to in these proceedings as Senate Bill No. 724.

"Since the gist of the complaint asserted by petitioners is the alleged total invalidity of the legislative Act thus brought into controversy in these proceedings, and since the predominant question of constitutionality of the involved enactment is otherwise properly in issue before this Court in companion cases which have been argued, considered and decided in connection with this case, we pass *sub silentio* the respondent's objections to the availability of quo warranto as the legal form of legal remedy authorized to be employed by the relators in their proceedings against respondent, and give our attention and consideration to the substance of petitioners' complaint against the legislative Act whose enactment has occasioned this litigation."

The decision on said former hearing upheld the constitutionality and validity of the Act except as to the graduated feature of the gross receipts tax caused by the inclusion in the Act of Classes 2 to 6 of Subdivision B of Section 4 thereof, which were by the Court held invalid and were stricken down and regarded as eliminated from the Act, leaving the remainder of the statute to stand as a valid statute, as against the various attacks then made upon its constitutionality, both as to the manner of its passage through the Legislature and the provisions of the Act itself. Therefore, the relators' demurrer to respondent's plea and answer, which plea and answer asserted the validity of the Act in the light of the factual situation as alleged to exist, were overruled.

On rehearing, the former opinion and decision was ad-

hered to (See 122 Fla. 670, 166 So. 262) and later a further petition for rehearing was denied. (122 Fla. 700, 166 So. 574.)

Before the order denying rehearing was granted the relators here had filed a replication to respondent's plea, and respondent had filed motions to strike sundry parts of the replication. The matters set up in the replication are covered in the proposed amended information. By reason of delay occasioned by an effort made by respondent to have the decision of this Court, invalidating the graduated feature of the gross receipts tax as provided in the Act, reviewed by the Federal Supreme Court on certiorari, the above status of the pleadings continued until the petition for certiorari was denied, on the ground that no final judgment had been entered. While the respondent was endeavoring to obtain review of this Court's action by certiorari, the relators moved this Court to dismiss this case. The respondent, represented by the Attorney General, opposed this motion, and this Court denied said motion to dismiss, and ordered that "entry of final judgment on the pleadings heretofore considered be suspended and deferred until the further order of this Court."

This motion for leave to file an amended information was made before the Federal Supreme Court had acted on the petition for certiorari, and this Court deferred action thereon until the Federal Court had ruled, which was done on October 12, 1936, by denying the petition for certiorari. Whereupon hearing was by this Court granted on relator's motion for leave to file the amended information, which motion was opposed by the Attorney General, on behalf of respondent, among other reasons because (1) quo warranto was in no event an appropriate remedy; (2) because the amended information set up nothing substantially new, and

was an effort to obtain a further rehearing on matters already ruled upon by this Court, and (3) because it was unnecessary, the same questions sought to be raised being involved in two chancery cases then pending, and which would likely reach this Court on appeal, referring to the Dunlop Tire and Rubber Company case and the Mason Lumber Co. case, both now here on appeal, and decisions rendered. The first ground of the Attorney General's objections to the filing of the amended information, which questioned the availability of the remedy by quo warranto, whether well taken or not, is inconsistent with prior positions taken by the respondent, in so far as the total invalidity of the statute is asserted, as was asserted by the original information, and he is to that extent not in a position to now raise that question. There is considerable merit in the other two grounds.

Another of the objections by the Attorney General on behalf of respondent, and one which appears to us to be well founded, is that in so far as the amended information renews the attack on the validity of the Act as a whole on the ground that it never passed both houses of the Legislature in the manner commanded by the Constitution, it amounts to an effort to obtain a further rehearing on one of the questions already adjudicated and a rehearing thereon denied in this and other cases. Admittedly paragraph V of the amendment is so drawn as to comply with the views expressed in the dissenting opinion of Mr. Presiding Justice ELLIS, in which the writer concurred, on the rehearing granted in this and several other cases (122 Fla. 670, 166 So. 262), but the position taken in the said dissenting opinion was of course fully considered by all the members of the Court, with the result that the majority of the Court adhered to the views theretofore expressed by Mr. Justice DAVIS in State, *ex rel.* X-Cel Stores, v. Lee, 122 Fla. 685,

166 So. 568, and by Mr. Chief Justice WHITFIELD on the rehearing above referred to, which views were the basis for the holding that the statute in question, as against the objections there made, had been validly enacted. And on the rehearing this holding was adhered to. So that question has been finally adjudicated, and such adjudication is conclusive of the questions attempted to be raised by paragraph V of the amended information.

Another ground of objection interposed by the Attorney General on behalf of the respondent to allowing the amended information to be filed is that in most part it is a complete departure from the theory upon which the original information was predicated, which was that the Act was invalid as a whole and that the Comptroller should therefore be ousted entirely from any exercise of the "franchises, powers and privileges" conferred on him by such void statute, whereas the amended information (except as to certain parts thereof, such as paragraph V referred to) seeks, in effect, to compel the respondent to grant to certain of the co-relators exemptions, which it is claimed the statute affords them, from the imposition of the gross receipts tax on receipts from restaurant and lunch counter operations and on receipts from sales of certain commodities defined by Section 2 (f) of said Act.

The above objection is well founded. Even if it be conceded that, basing the attack made on the validity of the Act as a whole, such as was contained in the original information, quo warranto might possibly lie, certainly by no recognized rules of construction, even the most broad and liberal, could quo warranto be properly resorted to for the purpose, in effect, of compelling the respondent officer to enforce the provisions of a statute in accordance with the relator's construction of their meaning and effect, even

though that construction be correct. While worded differently, this is in large part what the information as amended seeks to do. The language employed in the amended information is that the respondent Comptroller "be ousted from enforcing any gross receipts tax upon receipts from the sales of" the various articles or commodities mentioned in Section 2 (f) of the chain store statute, as well as upon the receipts from lunch counters, restaurants, and other matters which it is claimed are outside the scope of this statute, having been fully dealt with by prior statutes. But the purpose is plainly to compel the Comptroller to grant certain exemptions claimed to be granted by the statute, and to enjoin him from enforcing the collection of the gross receipts tax upon receipts from lunch counters, etc., which it is claimed are not covered by the statute.

The writer is thoroughly convinced that the special concurring opinion of Judge Frank A. Smith, above referred to, was correct, and that resort to quo warranto in this case was not even justified by the facts alleged in the original information. See State, *ex rel.* Landis, v. Valz, 117 Fla. 311, 157 So. 651. The majority of the Court were doubtless of the same opinion, but the majority of the Court, including the writer, decided that, for the reasons hereinabove referred to, we would pass that question *sub silentio*. And I think we were justified in so doing under the circumstances then existing. But the proposed amended information goes far beyond the scope of the original.

The other questions raised by the proposed amendment have practically all been adjudicated by the decisions handed down by this Court in other cases during the past few days, or are deemed by us as not proper to be raised by quo warranto. Indeed, in so far as quo warranto could possibly be resorted to, this case was substantially concluded by our

opinion and decision herein which was reported in State, *ex rel*. Adams, v. Lee, 122 Fla. 639, 166 So. 249, as hereinabove referred to.

For these reasons the motion for leave to file the proposed amended information is denied, and the proceedings dismissed.   It is so ordered.

·WHITFIELD, C. J., and TERRELL and BUFORD, J. J., concur.

DAVIS, J., concurs specially.

DAVIS, J. (concurring specially).—I agree to all that is said in the foregoing opinion, and in the conclusion, but with this qualification:   I think that quo warranto lies to oust a constitutional officer, such as the Comptroller, from the usurpation of powers and· functions of government in the nature of an *ex officio* office, which may have been attempted to be conferred upon him by a statute wholly unconstitutional for the purpose of conferrring such functions.

Thus, if the Legislature attempt, by an unconstitutional statute, to create a new and distinct department or bureau of government, having attached to such new state department or bureau administrative functions such as the exercise of the rule making and licensing power of the State can only be bestowed by the Legislature as a function or prerogative of public office, I think the writ of quo warranto is as such available against a constitutional officer to forestall his usurpation of unconstitutional administrative functions and prerogatives that he has no lawful right to assume to exercise under an unconstitutional law, as it would be available against a newly created officer set up by the Act and purportedly appointed by the Governor pursuant to it. This means that if judicial powers, for example, are attempted by statute to be given the Comptroller, or legislative

powers attempted by statute to be granted to Circuit Judges, that the mere fact that these *grantees* of the unconstitutional bestowals of power are *constitutional,* as distinguished from *statutory* officers, affords them no immunity as such from being ousted by quo warranto from undertaking to claim and exercise in the State's (sovereign's) name powers of government that can only be regarded as usurped under the circumstances because of the unconstitutionality of the statute from which they are claimed to have been derived.

For the foregoing reason I think that quo warranto was properly resorted to in this case in the first instance because it was claimed then as a basis for its employment that Chapter 16848, Acts of 1935, was wholly unconstitutional and that all governmental functions and administrative privileges bestowed and exercised by the Comptroller under it, were therefore usurped and such as from which he should have been ousted by the State's prerogative writ of quo warranto, a writ primarily designed to cut off usurpation of governmental functions, powers and duties that the particular respondent, whether a constitutional or a statutory officer, has no just or lawful right or title to enjoy or exercise as pretended.

But the amendment now proposed to be denied for the reason that it is nothing more nor less in substance (in so far as it is not a complete departure from the original proceeding) than an attempt to relitigate matters already finally adjudicated in so far as the Supreme Court of Florida is concerned.